# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

ARNOLDO OZUNA GALAN
REG. #60373-080                                                                                              PETITIONER

VS.                                     2:11CV00188 BSM/JTR

T.C. OUTLAW, Warden,
FCC Forrest City                                                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

## I. Background

On October 24, 2011, while serving a 272-month sentence at the Federal Correctional Complex in Forrest City, Arkansas, Petitioner initiated this § 2241

habeas action.[1]  (Docket entry #1).  In his Petition, he alleges that the Bureau of Prisons ("BOP") violated the Second Chance Act when it recommend him for 150 to 180 days of Residential Re-entry Center ("RRC") placement instead of the twelve months of RRC placement that he requested.  *Id.*  He argues that the BOP failed to individually consider his case in good faith, and seeks an order directing the BOP to reconsider his request for twelve months of RRC placement.  *Id.*

In his Response, dated January 5, 2012, Respondent argues that Petitioner failed to exhaust his administrative remedies and that the BOP properly determined Petitioner's prerelease RRC placement according to the Second Chance Act.  (Docket entry #9).

For the reasons discussed below, the Court concludes that Petitioner's habeas claim is without merit.[2]

## II. Discussion

In deciding where an inmate is to be imprisoned, the BOP must consider the following statutory factors: (1) the resources of the facility contemplated; (2) the

---

[1]Petitioner's projected good-conduct release date is September 1, 2012. (Docket entry #9-1 at 8).

[2]Respondent has addressed the merits of Petitioner's claim, which the Court concludes is without merit.  Thus, it is unnecessary for the Court to address Respondent's nonexhaustion defense.  *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (proceeding to merits of habeas claim under 28 U.S.C. § 2241 despite failure to exhaust administrative remedies because the exhaustion prerequisite under § 2241 was "judicially created, not jurisdictional").

nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission. 18 U.S.C. § 3621(b). The BOP is also required by statute to ensure, "to the extent practicable," that a prisoner spends "a portion" of the final months of his prison term under conditions that afford him a "reasonable opportunity" to prepare for reentry into the community. 18 U.S.C. § 3624(c)(1). These conditions "may include" placement in a community correctional facility. *Id.* Placement must be: (1) considered in light of the factors set forth in § 3621(b); (2) "determined on an individual basis;" and (3) of a "sufficient duration to provide the greatest likelihood of reintegration into the community." 18 U.S.C. § 3624(c)(6).

In April of 2008, Congress enacted the Second Chance Act. Among other things, the Second Chance Act amended 18 U.S.C. § 3624 to extend the maximum allowable RRC placement from 6 months to 12 months. *See* Second Chance Act § 251, 122 Stat. 657, 692 (2008). The BOP later enacted guidelines which specified that placement in a RRC for more than 180 days was "highly unusual" and allowable only with "extraordinary justification." *See* BOP Program Statement 7310.04.

In *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008), the Court rejected a prisoner's challenge to the BOP following its guidelines concerning RRC placement. While the Court acknowledged that the Second Chance Act extended the maximum

possible time of RRC placement to 12 months, it held that the BOP's guidelines reflected a permissible determination that "ordinarily a placement of more than 180 days is not appropriate under § 3621(b)," and that "a particular inmate still has an opportunity to show that in the individual circumstances of his case, a longer placement would be justified." *Miller*, 527 F.3d at 758.

Petitioner's administrative documentation reflects that he underwent a RRC assessment on August 1, 2011, and was recommended for 150-180 days of RRC placement. *See* Ex. A. attached hereto. Importantly, there is nothing in the applicable statutes or case law that *entitles* a prisoner to RRC placement for a particular period of time, much less for 12 months. Rather, Respondent's duty is to *individually consider* a prisoner for RRC placement pursuant to the statutory factors set forth in § 3621(b). Although Petitioner was only recommended for 150 to 180 days of RRC placement, it appears that the BOP's decision was based on its individual consideration of the factors identified in 18 U.S.C. § 3621(b). *See* Ex. A attached hereto. Furthermore, Petitioner has not established that, in considering his request for RRC placement, the BOP failed to consider the relevant statutory factors.[3]

---

[3]Petitioner points to a portion of the Second Chance Act which permits the BOP to offer "[i]ncentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the [BOP] Director," include "the maximum allowable period in a community confinement facility[.]" 42 U.S.C. § 17541(a)(2)(A). According to Petitioner, he is entitled to 12 months of RRC placement because he participated in a BOP "skills development program" and due to his "educational and religious achievements." (Docket entry #2 at 10). However, "[m]aking extended

For the foregoing reasons, the Court concludes that Petitioner's habeas claim is without merit.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT the Petition for Habeas Corpus under 28 U.S.C. § 2241 (docket entry #1) be DENIED, and the case be DISMISSED, WITH PREJUDICE.

Dated this 19th day of April, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

---

community-based placement a possible incentive for participation in these programs in no way displaces the BOP's broad discretion regarding housing designations." *Sessel v. Outlaw*, 2009 WL 1850331, *5 (E.D. Ark. 2009) (unpublished) (rejecting argument that a prisoner's participation in a "skills development program" required 12 months of RRC placement).

Second Chance Act - RRC Needs Assessment

Inmate Name: Galeri, Arnaldo, O.
Register No: 6038-080
PRD: 9/1/2012 - PRD / 872 mt w/ 5yr SRT

(If a state sentence preceded term and there was no physical break in custody, please specify as this may be an indicator of increased need for transitional/pre-release services)

Detainers: yes/no: No     Jurisdiction/Authority: ___
Alien status: yes/no: No     Citizenship: ___

Does the case require a relocation of supervision? yes/no: Yes   Approved Relocation to
Proposed USPO District: Eastern District AR

*Nature and circumstances of offense: (include BOP and any community safety issues)
Possession w/ Int to Distribute Marijuana 7/22/11
Escape from a Federal Prison

Prior criminal history:
Failure to Stop & Render

*History and characteristics of inmate: (include institutional adjustment and conduct)
with staff & inmates good rapport

Institutional adjustment/conduct: good

Community/family support: yes

Proposed employment: To be secured

Proposed residence: Release Plan Pending

Job skills/Educational level: GED earned in BOP 6/03

Special needs - including medical or mental health issues: None

Trust Fund/TRF balance: ___ for past six mos.

DROP required: yes/no; RDAP program involvement: No

CIM status: (Denote issues which would impede RRC placement - i.e., Separatee at RRC/Broad Publicity, etc.) separation

*Resources of the facility contemplated:

*Any statement of the Court which imposed the sentence: (concerning the purposes for which the sentence to imprisonment was determined to be warranted; or type of penal or correctional facility as appropriate)

*Any statement by the U.S. Sentencing Commission:

Recommended placement: 151-180 Days - Appropriate to secure employment & re-establish family ties

Chairperson's signature: ___     Inmate's signature: Arnaldo Galeri
Date of assessment: 8/1/11

* indicates specific rules language from the Second Chance Act of 2007

A